# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| BOVITEQ USA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-01305 |
| | ) | |
| TWIN RIVER VETERINARY SERVICE, LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER & OPINION

This matter is before the Court on Plaintiff's Motion for Default Judgment. (Doc. 6). For the following reasons, Plaintiff's Motion for Default Judgment is granted.

### BACKGROUND[1]

Plaintiff filed this lawsuit on August 26, 2020, alleging account stated,[2] breach of contract, unjust enrichment, and promissory estoppel based on Defendant's failure to pay for the animal *in vitro* fertilization (IVF) services provided by Plaintiff. (Doc. 1). Plaintiff is a Wisconsin corporation that operates an IVF laboratory and sells animal reproductive solutions. (Doc. 1 at 2). Since at least February 2013,

---

[1] Because the well-pleaded allegations of a complaint relating to liability are taken as true upon default, *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983), the facts in this section are drawn from the Complaint (doc. 1). The procedural history of the case is summarized from the docket.

[2] "An account stated has been defined as an agreement between parties who have had previous transactions that the account representing those transactions is true and that the balance stated is correct, together with a promise, express or implied, for the payment of such balance." *Patrick Eng'g, Inc. v. City of Naperville*, 976 N.E.2d 318, 336 (Ill. 2012).

Defendant—a one-member Illinois veterinary service company offering shipment and freezing of IVF embryos and other reproductive services to its customers—has used Plaintiff's IVF and related services on an open account. (Doc. 1 at 2–3).[3] Defendant currently owes a total of $227,713.36 for its use of Plaintiff's IVF-lab services; despite Defendant's acknowledgments of the amounts invoiced and its promises to pay the outstanding amount, it has failed to do so. (Doc. 1 at 3–6). On June 11, 2020, counsel for Plaintiff sent a letter demanding immediate payment of the sum owed. (Doc. 1 at 8). Defendant did not respond (doc. 1 at 3), and Plaintiff subsequently filed suit.

Defendant was served with a summons and the Complaint on September 2, 2020. (Doc. 4). Defendant failed to answer or otherwise defend and was consequently found to be in default. (Text Order dated October 14, 2020). Plaintiff now moves for default judgment in the amount of $227,713.36, plus $400 in costs (for the filing fee). (Doc. 6 at 1–2). A copy of Plaintiff's Motion was served upon Defendant (doc. 6 at 3), but the deadline to respond has since passed without response or appearance.

## LEGAL STANDARD

Plaintiff has moved for default judgment pursuant to Federal Rule of Civil Procedure 55(b). Default judgment establishes, "as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint." *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (citation omitted). "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as

---

[3] Defendant's website states: "We are partnered with Boviteq USA to provide IVF services." (Doc. 1 at 2 (citing http://www.twinrivervet.com/)).

true." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). Allegations relating to damages, on the other hand, must be supported by proof. *See id.* at 1323–1324; *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). Default judgment will not be granted without a hearing on damages unless the amount claimed can be ascertained with "reasonable certainty" from "definite figures in the documentary evidence or in detailed affidavits." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004); *Dundee Cement*, 722 F.2d at 1323.

### DISCUSSION

The Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a). Complete diversity exists between the parties because Plaintiff is a corporation incorporated in and operating its principal place of business in Wisconsin, and Defendant is a limited liability company whose sole member is an individual domiciled in Illinois. (Doc. 1 at 5). The amount in controversy exceeds $75,000. (*See* doc. 1 at 3, 4).

Plaintiff's Complaint contains well-pleaded facts that, when taken as true, establish Defendant's liability. To prove damages, Plaintiff has submitted an affidavit from Shantille Kruse, Boviteq's Director of U.S. Business Development, attesting to the amount Defendant owes for Plaintiff's services. (Doc. 6 at 15–17). Attached to her affidavit is an Account Statement, which she certifies is a genuine and authentic printout of the entries related to Defendant's account. (Doc. 6 at 19, 16). The Account Statement, dated July 7, 2020, shows monthly invoice charges to Defendant from October 2018 through September 2019 (doc. 6 at 19–20); the final total of the running

balance of Defendant's account, reflecting all outstanding charges and payments received, is $227,713.36. (Doc. 6 at 29). In light of the "definite figures in the documentary evidence [and] in detailed affidavits" presented here, the Court finds a hearing on damages unnecessary. *Dundee Cement*, 722 F.2d at 1323. Plaintiff has produced competent evidence establishing its entitlement to $227,713.36, and the Court will award the requested additional $400 in costs to cover the filing fee.

## Conclusion

For the foregoing reasons, Plaintiff's Motion for Default Judgment (doc. 6) is GRANTED. The Clerk is directed to ENTER default judgment in favor of Plaintiff and against Defendant in the amount of $228,113.36 ($227,713.36 in damages plus $400 in filing fee costs).

SO ORDERED.

CASE TERMINATED.

Entered this 20th day of November 2020.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
